UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF MICHIGAN

DESMOND WILBERT,
an individual

        Plaintiff                           Case No. 2023 -
                                                     Hon.

v.

JAMAAL JACKSON, an individual,

        Defendant.
_____/
LAW OFFICES OF THOMAS NOONAN
By:    Thomas D. Noonan (P60450)
425 Greenleaf Street
Canton, Michigan 48187
(313) 938-8307
Attorneys for Plaintiff
_____/

Pursuant to Local Rule 83.11, this case has not been previously dismissed. There are no pending or previously dismissed companion cases in this or any other court.

# **COMPLAINT**

Plaintiff, Desmond Wilbert, for his Complaint against Defendant, Jamaal Jackson, states:

## **JURISDICTION AND VENUE**

1.     Mr. Wilbert is an individual who, at all relevant times, has resided in Detroit, Michigan. In 2000, Mr. Wilbert created and promoted a rap and hip-hop musical album, including the hit song "Oh Boy" performed by the musical group Eastside Chedda Boyz. At all relevant times, Mr. Wilbert owned copyright protection to the music and lyrics to all the songs on the album.

1

2. Defendant assisted in preparing the music for some of the songs in the album, including "Oh Boy", as an employee of Mr. Wilbert at Mr. Wilbert's studio. Mr. Wilbert compensated Defendant fairly and fully for his work on the album.

3. Defendant regularly conducts business in this District and resides in this District.

4. This Court has subject matter jurisdiction over this matter because this case involves violations of the United States Copyright Act, 17 U.S.C. §§ 101 et. seq. ("the Copyright Act").

5. Venue is proper in this Court because Defendant regularly does business in this District and this case arose in this District.

## GENERAL ALLEGATIONS

6. Mr. Wilbert is an entrepreneur who has worked on various projects in multiple industries, including the real estate and music industries.

7. In 2000, it was Mr. Wilbert's idea to create and promote the rap/hip-hop album containing the hit song "Oh Boy." In doing so, Mr.Wilbert automatically established copyright protection concerning "Oh Boy" and all other songs on the same album, i.e., the entire album ("the Album").

8. The song "Oh Boy" was performed by the music group Eastside Chedda Boyz and was extremely popular.

9. Defendant assisted in preparing the music – but not the lyrics - for some of the songs on the Album at Mr. Wilbert's studio and at Mr. Wilbert's direction.

10. Defendant was Mr. Wilbert's employee under the Copyright Act concerning the Album.

11. Mr. Wilbert registered for, and obtained, additional copyright protection through

the United States Copyright office concerning the entire Album.

12. Mr. Wilbert fully and fairly compensated Defendant for the work he performed as his employee.

13. As the employer, Mr. Wilbert had copyright protection for "Oh Boy" and the other songs on the Album. Defendant, as an employee who was fully and fairly compensated for his work, had no such copyright protection.

14. Nevertheless, in February 2023, Defendant registered for, and apparently obtained, copyright protection through the United States Copyright office concerning the entire Album. Mr. Wilbert learned of Defendant's copyright claim when he recently found his registration information with the United States Copyright office.

15. On information and belief, Defendant has unlawfully marketed and sold Mr. Wilbert's "Oh Boy" and many other protected songs on that same Album to multiple audio and video streaming service companies. In doing so, Defendant held out "Oh Boy" and other songs Mr. Wilbert created as his own creation.

16. Defendant's copyright registration is not valid under the Copyright Act.

17. Defendant's actions and omissions decribed above have damaged Mr. Wilbert in an amount that greatly exceeds $25,000.

18. Mr. Wilbert fully and properly performed all obligations owed Defendant and satisfied all conditions precedent to filing this lawsuit.

### COUNT I – COPYRIGHT INFRINGEMENT (17 U.S.C. § 501)

19. Mr. Wilbert incorporates by reference and re-alleges paragraphs 1 through 18 as if fully set forth herein.

20. At all relevant times, it was Mr. Wilbert's idea to create and promote the song "Oh Boy" and all the other songs on his Album, which were displayed in audio form on the radio and other audio means, and through television as a music video. As the employer of Defendant and others who assisted with the Album, Mr. Wilbert owned the copyright rights to the entire Album.

21. Mr. Wilbert holds a copyright registration certificate from the United States Copyright Office concerning his song "Oh Boy" and all other songs on that same Album.

22. Without authorization, Defendant, either individually or in collusion with others, stole Mr. Wilbert's "Oh Boy" and many other songs on Mr. Wilbert's Album, held them out to video and audio streaming companies and the public as his own in blatant and knowing violation of Mr. Wilbert's copyrights.

23. Mr. Wilbert did not authorize Defendant's copying, display, publication or distribution of his works.

24. Defendant infringed the copyrights in Mr. Wilbert's creative works by reproducing, distributing and/or publicly displaying the works. He also filed a fraudulent copyright registration for the entire Album with the United States Copyright office.

25. Defendant knew the infringed works belonged to Mr. Wilbert and that he did not have permission to exploit Mr. Wilbert's works.

26. Defendant knew his acts constituted copyright infringement.

27. Defendant's conduct was willful within the meaning of the Copyright Act.

28. As a result of his wrongful conduct, Defendant is liable to Mr. Wilbert for copyright infringement pursuant to 17 U.S.C. § 501. Mr. Wilbert has suffered, and will continue to suffer, substantial losses, including but not limited to, damage to his business reputation and goodwill.

29. Mr. Wilbert is entitled to recover damages, which include his losses and any and

all profits Defendant has made as a result of his wrongful conduct. 17 U.S.C. § 504. Alternatively, Mr. Wilbert is entitled to statutory damages under 17 U.S.C. § 504(c).

30. In addition, because Defendant's infringement was willful, the award of statutory damages should be enhanced in accordance with 17 U.S.C. § 504(c)(2).

31. Mr. Wilbert also is entitled to recover his attorney fees and costs pursuant to 17 U.S.C. § 505.

WHEREFORE, Mr. Wilbert respectfully requests that this Court enter Judgment in his favor, and against Defendant, in the amount to which he is found to be entitled and any other relief the Court deems equitable and just.

## COUNT II – CONTRIBUTORY COPYRIGHT INFRINGEMENT

32. Mr. Wilbert incorporates by reference and re-alleges paragraphs 1 through 31 as if fully set forth herein.

33. Numerous individuals directly infringed Mr. Wilbert's copyrighted creation.

34. Defendant induced, caused and materially contributed to the infringing acts of others by encouraging, inducing, allowing and assisting others to reproduce and distribute Mr. Wilbert's works.

35. Defendant had knowledge of the infringing acts relating to Mr. Wilbert's works.

36. The acts and conduct of Defendant, as alleged above, constitute contributory copyright infringement.

WHEREFORE, Mr. Wilbert respectfully requests that this Court enter Judgment in his favor, and against Defendant, in the amount to which he is found to be entitled and any other relief the Court deems equitable and just.

## COUNT III – VICARIOUS COPYRIGHT INFRINGEMENT

37. Mr. Wilbert incorporates by reference and re-alleges paragraphs 1 through 36 as if fully set forth herein.

38. Numerous individuals and entities directly infringed Mr. Wilbert's copyright works.

39. Defendant obtained a direct financial benefit from the infringing activities of the individuals or entities who directly infringed Mr. Wilbert's works.

40. The acts and conduct of Defendant, as alleged above, constitute vicarious copyright infringement.

WHEREFORE, Mr. Wilbert respectfully requests that this Court enter Judgment in his favor, and against Defendant, in the amount to which he is found to be entitled and any other relief the Court deems equitable and just.

## COUNT IV – DECLARATORY JUDGMENT

41. Mr. Wilbert incorporates by reference and re-alleges paragraphs 1 through 40 as if fully set forth herein.

42. An actual controversy exists between the parties concerning the validity of Defendant's copyright registration with the United States Copyright office concerning "Oh Boy" and all other songs on that same Album.

43. Defendant has no valid copyright protection concerning "Oh Boy" and the other songs on that same Album.

44. Mr. Wilbert, as the employer, has sole copyright protection concerning those songs and that Album.

WHEREFORE, Mr. Wilbert respectfully requests that this Court enter a Declaratory Judgment in his favor, and against Defendant, and Declare that: (1) Defendant has no valid copyright protection concerning "Oh Boy" and the other songs on that Album; (2) Defendant's copyright registration is not valid and is void; (3) the Declaratory Judgment may be filed with the United States Copyright office; and (4) any other relief the Court deems equitable and just.

Respectfully submitted,

LAW OFFICES OF THOMAS NOONAN, PLLC

By: */s/ Thomas D. Noonan*
Thomas D. Noonan (P60450)
425 Greenleaf Street
Canton, MI 48187
(313) 938-8307
Attorneys for Plaintiff

Dated: October 31, 2023

## **TRIAL BY JURY**

Mr. Wilbert hereby demands a jury trial on all facts and issues so triable.

Respectfully submitted,

LAW OFFICES OF THOMAS NOONAN, PLLC

By: */s/ Thomas D. Noonan*
Thomas D. Noonan (P60450)
425 Greenleaf Street
Canton, MI 48187
(313) 938-8307
Attorneys for Plaintiff

Dated: October 31, 2023